# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| MORTGAGE LENDERS NETWORK USA, INC.,[1] | Case No. 07-10146 (PJW) |
| Debtor. | |
| GUISEPPE CACCAMO and ROBIE-LYN HARNOIS | Adversary Case No. 07-51415 (PJW) |
| Plaintiffs, | |
| v. | |
| MORTGAGE LENDERS NETWORK USA, INC., | |
| Defendant. | |

Objection Deadline: [Date]
Hearing Date: [Date]

## NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (B) CERTIFICATION OF A CLASS CONSISTING OF TWO SUBCLASSES OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY; (C) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (D) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT; (E) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING AND (F) RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION

TO: The former employees of defendant Mortgage Lenders Network USA, Inc. (the "Debtor")[2], who were terminated without cause from their employment at the Debtor's facilities ("Facilities"), during the period from December 1, 2006, or thereafter as part of or as the reasonably expected consequence of a mass layoff or plant closing at the Facilities and who have been identified as Class Members in this matter:

---

[1] Debtor's EIN: XX-XXX7394
Debtor's Address: Middlesex Corporate Center, 213 Court Street, 11th Floor, Middletown, CT 06457

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the *Joint Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to (i) Approve a Settlement Pursuant to Bankruptcy Rule 9019, (ii) Certify a Class Consisting of Two Subclasses of WARN Act Claimants for Settlement Purposes Only, Appoint Class Counsel and Class Representatives, and Preliminarily Approve the Settlement Pursuant to Bankruptcy Rule 7023, (iii) Approve the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (iv) Schedule a Fairness Hearing to Consider Final Approval of the Settlement; (v) Finally Approve the Settlement Pursuant to Bankruptcy Rule 7023 After the Fairness Hearing, and (vi) Grant Related Relief* (the "Joint Motion").

## INTRODUCTION

1. There is currently pending in the United States Bankruptcy Court for the District of Delaware the above-captioned adversary proceeding (the "Class Action") brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.*, (the "WARN Act"). The Plaintiffs listed above (the "Class Representatives"), on the one hand, and the Debtor and the Official Committee of Unsecured Creditors of the Debtor (the "Committee"), on the other hand, have reached a proposed settlement of the Class Action (the "Settlement") under which the benefits described below will be provided to the members of the Class. The claims set forth in the Class Action were vigorously disputed by the Debtor, who raised real and material defenses (as described in more detail below). After extensive negotiations, the parties were able to negotiate in good faith to reach the proposed Settlement, which all parties, including Class Counsel, believe is fair and reasonable under the circumstances. This Notice provides notice to you of the terms of the proposed Settlement, so that if approved, it can be implemented and a cash payment made to you in accordance with the procedures set forth herein.

2. This Notice constitutes notice to the Class of (a) the certification of the Class for settlement purposes; (b) the proposed Settlement of the Class Action; (c) a description of the proposed Settlement; (d) the date of court hearing for final approval of the Settlement; (e) the right of each member of the Class to object to or comment on the Settlement, and to appear at the hearing at which the Court will consider the final approval of the Settlement; and (f) the right of Class Members to opt-out of the Class.

## DESCRIPTION OF THE CLASS ACTION

3. On June 4, 2007, the Class Representatives filed with the Bankruptcy Court a class-action complaint commencing the Class Action against the Debtor. An amended complaint ("Complaint") was filed on September 10, 2007 alleging that the Debtor violated the WARN Act by ordering plant closings and/or mass layoffs on or about January 2, 2007 and thereafter, without providing sixty (60) days of advance notice thereof, and that as a consequence of this failure, the affected employees have an administrative priority claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code against the Debtor consisting of their total wages and benefits for the sixty (60) day violation period. The Class Action is captioned, *Guisseppe Caccamo and Robie-Lyn Harnois v. Mortgage Lenders Network USA, Inc.*, Adversary Proceeding No. 07-51415. The Complaint was filed on behalf of the plaintiffs and all other persons similarly situated. The WARN Act requires an employer having more than one hundred (100) full-time employees to give its employees working at facilities having at least fifty (50) full-time employees at least sixty (60) calendar days' advance written notice before ordering a shutdown. An employer may give less than sixty (60) days' written notice if it can prove that certain defenses, as enumerated in the WARN Act, were applicable. But to avail itself of these defenses, the employer must still give as much notice as practicable and include in the notice a brief statement of the basis for less than sixty (60) days' notice. An employer who is found liable under the WARN Act can seek reduction of damages on the grounds that it believed in good faith that it was in compliance with the WARN Act and that it had reasonable grounds for that belief or that it paid wages and benefits during the violation period.

4. On or about October 10, 2007, the Debtor answered the Complaint. The answer of the Debtor is referred to herein as the "Answer." The Debtor denied the material allegations of the Complaint and asserted multiple affirmative defenses, including the "unforeseeable business circumstances," the "faltering company," and the "good faith" defenses. The Answer raises the following issues, among others: (a) whether the Debtor provided adequate notice to the Class Members; (b) whether such notice was defective; (c) whether the Debtor was entitled to give less than sixty (60) days' notice because of reasonably unforeseeable business circumstances; (d) whether the Debtor was entitled to give less than sixty (60) days' notice because, at the time notice would have otherwise been required, it was seeking new capital or business that it reasonably believed, if obtained, would have obviated or substantially postponed the plant closing or mass layoff; (e) whether such search for new capital or business was commercially reasonable under the circumstances; (f) whether the Debtor has other defenses to the application of the WARN Act; (g) whether the employment losses suffered by the aggrieved employees were caused by the Debtor's failure to obtain capital or business; (h) whether the Debtor gave "as much notice as is practicable"; (i) whether the Debtor is entitled to a defense of "good faith"; (j) the computation of the amount of damages; (k) whether the Debtor is entitled to set-offs against damages for sums paid pre-petition and post-petition to employees; (l) whether employees of the Debtor who were paid on a commission-only basis are entitled to WARN damages; (m) whether attorneys' fees are to be awarded to the Class Representatives and the Class if they prevail and whether such fees are entitled to administrative priority; and (n) whether the damages are entitled to administrative priority under § 503(b)(1)(A), wage or benefit priority under §§ 507(a)(4) or (5), or are to be treated as general unsecured claims.

5. On _____, the Court granted class certification for settlement purposes only (the "Class Certification Order"). The Class Certification Order provided for the creation of two distinct subclasses. The first subclass ("BMembers") is made up of the employees of the Debtor who were paid a salary or hourly wage, other than the Ineligible Employees (defined below). The second subclass ("CMembers") is made up of individuals other than the Ineligible Employees (defined below), who were part of the Debtor's sales force and were paid on a commission-only basis.[3]

6. The Class Certification Order also provides for (i) the appointment of Guiseppe Caccamo and Robie-Lyn Harnois as Class Representatives for the Class; and (ii) the designation of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP as counsel to the Class, ("Class Counsel").

7. Those Class Members who do not opt-out of the Class are eligible to share in the Common Fund (defined below) and are referred to herein as Eligible Class Members.

8. Class Counsel has conducted extensive informal discovery, including examination of voluminous documents of the Debtor, and the interview of members of the Class. Class Counsel has also analyzed the applicable law and weighed the likelihood of success.

---

[3] The BMembers and the CMembers are also at times referred to herein collectively as the "Class Members."

## THE PROPOSED SETTLEMENT

9. The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement from Class Counsel, Charles A. Ercole, at the address shown for him below in Paragraph 24. The terms of the Settlement relevant to the Eligible Class Members may be summarized as follows:

## THE TERMS OF THE SETTLEMENT

10. The Debtors shall pay $2.7 million ($2,700,000) (the "Settlement Payment") to Class Counsel within eleven days of the final approval date of the Settlement.

11. Before any distribution to the Class Members, Class Counsel will make the following payments from the Settlement Payment:

   a. $2,500 will be paid to the two Class Representatives (the "Service Payment") as payment for the services they provided to the Class in connection with the prosecution of the WARN Action; and

   b. $975,000, which includes 33 1/3 of the gross settlement amount for attorney's fees and $75,000 for out-of-pocket costs and third-party settlement administration fees will be paid to Class Counsel (the "Class Counsel Fees").

   c. $107,500 will be paid to the Debtor towards 50% of the employer portion of applicable payroll taxes.

12. After payment of the Service Payment and the Class Counsel Fees, Class Counsel will retain for distribution to Class Members the net amount of $1,612,500 (the "Common Fund"). The Debtor may elect to create a Qualified Settlement Fund under section 468B of the Internal Revenue Code for the purpose of distributing and administering the Common Fund.

13. The Common Fund, less applicable taxes will be allocated to each Eligible Class Member, as follows:

   a. $1,317,464, less applicable taxes, to the B Members, representing approximately 81% of the Common Fund. The amounts to be paid to each BMember is derived by allocating pro rata to each BMember based on the maximum amount of their WARN claim.

   b. $295,036, less applicable taxes, to the CMembers representing approximately 19% of the Common Fund. The amount to be paid to each Subclass Two Class Member is derived by imputing a daily rate for each CMember based on the federal minimum wage of $5.15 per hour multiplied by 8 hours and adding a daily benefit of $13. That total daily rate of 41.20 was then multiplied by 60 for each CMember. The total was then multiplied by 50%.

   c. In calculating the maximum gross amount of the BMembers' WARN claims, the daily rate of each individual BMember was determined by dividing the

hourly/salaried BMember's annual wages by 260. Each BMember's maximum theoretical WARN claim was determined by multiplying each BMember's daily rate by 60.

    d.  Any amounts received by the Class Members pursuant to the settlement, including, but not including any amounts withheld for applicable taxes, shall reduce, dollar for dollar, the priority portion of each Class Members' allowed claim, if any, for unpaid wages or wage equivalents, commissions, unpaid vacation, sick leave, paid time off or any other wage equivalent or related claims that are not based on the alleged failure to provide notice under the WARN Act.

    14.  The Settlement will not become effective if the Court does not approve it or if more than fifty (50) of Class Members opt-out of the Class and the Debtor, upon consultation with the Committee, exercises the option to terminate the Settlement. If more than fifty (50) of Class Members opt-out of the Class, the Debtor may, upon consultation with the Committee, terminate the Settlement, within twenty (20) days after the expiration of the right of Class Members to opt-out of the Class, as set forth below.

    15.  In the event that any Class Member opts-out, the Settlement Payment shall be reduced by such opting out Class Members' share of the Common Fund.

    16.  If settlement checks issued to Eligible Class Members remain uncashed as of the 241st day after the initial distribution (the "Residual Funds") such funds also shall be disbursed to the Impact Fund, a nonprofit organization dedicated to employee rights. No portion of the Residual Funds will revert to the Debtors for any reason, or be retained by Class Counsel.

## CLASS COUNSEL'S RECOMMENDATION

    17.  Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

## TAXES WILL BE WITHHELD FROM DISBURSEMENTS UNDER THIS SETTLEMENT

    18.  All Eligible Class Members who receive a disbursement pursuant to this Settlement will receive an IRS Form W-2 with their WARN Act Settlement payment because the settlement payments are treated as wages. Applicable federal, state and local taxes, based on your employment certificate on file with the Debtor, will be withheld from the disbursements. Since the Debtor's records may not reflect your current circumstances, we urge you to consult with a tax adviser to determine the exact amount of taxes due on your WARN Act Settlement, when you receive it.

## CLASS COUNSEL FEES

    19.  Under the proposed settlement and subject to final court approval, Class Counsel, shall be paid attorneys' fees in the amount of $900,000 (one third of the Settlement Payment), plus $75,000 for out of pocket costs and to pay the costs of the class action settlement administrator.

# RELEASE OF ALL CLAIMS RELATED TO YOUR TERMINATION
# AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

20. Upon final approval by the Court, the Settlement will result in the dismissal of the Class Action on the merits and with prejudice to all Eligible Class Members who do not opt out of the Settlement Agreement, and shall constitute a release by each such Eligible Class Member of all claims against the Debtor and its estate which relate to or are based on any alleged failure to provide adequate notice under the WARN Act or severance or back pay or benefits arising out of the termination of an Eligible Class Members' employment by the Debtor whether based on the WARN Act or any other federal, state or local law, regulation or ordinance. However, the following claims are not released: (i) any obligation created by or arising out of this Settlement; (ii) any claims for continuation of health or medical coverage, at the Eligible Class Member's expense, or at the expense of a beneficiary or dependant of an Eligible Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (iii) any claims for expense reimbursement, unpaid wages or commissions unrelated to the WARN Act; (iv) any pre-petition claims arising out of obligations of the Debtors unrelated to the Class Action, the WARN Act, or severance pay or benefits; (v) rights, if any, unrelated to Eligible Class Members' WARN claims, under the Debtors' 401(k) plans; and (vi) any claims which the law clearly states may not be released by settlement.

21. By accepting this Settlement Agreement, Eligible Class Members acknowledge that they are familiar with and/or hereby are informed of the provisions of California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

With respect to the Claims being released hereunder, the Eligible Class Members who do not opt out of the Settlement Agreement waive and relinquish, to the fullest extent that the law permits, the provisions, rights, and benefits of California Civil Code § 1542 and other statutes, regulations or common law principles of similar effect. Such release, however, shall not release the Debtor's obligations under this Settlement Agreement. Eligible Class Members who do not opt out of the Settlement Agreement acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intent of the Parties and Class Counsel in executing this Settlement Agreement to fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) which are the subject of the releases granted hereunder.

22. Any individual proofs of claim filed by any Class Members that assert claims that are released by the Settlement will be deemed withdrawn and will not receive any further distribution or payment.

## HOW TO OBJECT OR OPT-OUT

23. If you are satisfied with the proposed Settlement including Class Counsel's requested fees and the calculation of your recovery as shown on **Exhibit A** hereto, you need to do nothing and you will receive your share of the Settlement, as set forth on **Exhibit A**.

24. If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or you dispute any of the amounts shown on **Exhibit A,** or the information concerning your employment or pay or that Class Counsel's attorneys' fees should not be approved, you may object to the Settlement and/or the attorneys' fees by mailing certified mail, return receipt requested a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware, 19801, and by sending copies of that statement, also by certified mail, return receipt requested, to: 1) Kenneth H. Brown, Pachulski Stang Ziehl & Jones, LLP, 150 California Street, 15th Floor, San Francisco, California, 94111; 2) Charles A. Ercole, Klehr, Harrison, Harvey, Branzburg & Ellers, 260 S. Broad Street, Philadelphia, PA 19102-5003; 3) Michael B. Schaedle, Blank Rome LLP, One Logan Square, 130 North 18th Street, Philadelphia, PA 19103-6998. **Objections must be received by the above no later than _____, 2009, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, including attorneys' fees, as described above.**

25. You may also appear in person or by counsel at the final hearing described below.

26. If you are a Class Member and if you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Class by filling out the attached "Opt-Out Form", **and sign and mail that form by certified mail, return receipt requested, to: Charles A. Ercole, Klehr, Harrison, Harvey, Branzburg & Ellers, 260 S. Broad Street, Philadelphia, PA 19102-5003. The form must be <u>received</u> by Mr. Ercole no later than _____, 2009. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Class.**

## FINAL HEARING TO APPROVE SETTLEMENT AND ATTORNEYS' FEES

27. The hearing for final consideration and approval of the Settlement, including attorneys' fees to Class Counsel, is scheduled to take place on _____, 2009, at _____ a.m. in Courtroom #2 of the United States Bankruptcy Court for the District of Delaware at 824 North Market Street, 6th Floor, Wilmington, Delaware 19801. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Charles A. Ercole at the address shown above.

## OTHER INFORMATION

28. Any questions from members of the Class concerning this Notice or the Class Action should be directed to Charles A. Ercole at the address shown above. All requests for more information, including a copy of the Settlement or the moving papers filed with the court in support of the Settlement, should be sent by **first-class mail** to Charles A. Ercole to the address indicated above.

29. While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the respective claims or defenses asserted by the parties in the Class Action.

**PLEASE DO NOT WRITE TO OR CALL
THE COURT CONCERNING THIS MATTER**

# OPT-OUT FORM

## Guisseppe Caccamo and Robie-Lyn Harnois v. Mortgage Lenders Network USA, Inc., Adversary Proceeding No. 07-51415

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I do not want to participate in the above Class Action and do not wish to receive any benefits from or be bound by the Settlement described herein.

_____    _____
Signature                          Address

_____    _____
Name (printed or typed)

_____    _____
Date                               Telephone