IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MORTGAGE LENDERS NETWORK USA, INC.,[1]<br><br>　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 07-10146 (PJW) |
| GUISEPPE CACCAMO and ROBIE-LYN HARNOIS<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MORTGAGE LENDERS NETWORK USA, INC.,<br><br>　　　　　　　　　　　　Defendant. | Adversary Case No. 07-51415 (PJW) |

Related Main Case Docket No. 2724
Related to Adversary Docket No. 48, 50, 58

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 7023 AND 9019(A) (1) PRELIMINARILY
APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTOR, THE
COMMITTEE, AND THE WARN CLASS PLAINTIFFS, (2) CERTIFYING A
CLASS COMPRISED OF TWO SUBCLASSES OF WARN ACT CLAIMANTS
FOR SETTLEMENT ONLY; (3) APPOINTING CLASS COUNSEL AND CLASS
REPRESENTATIVES; (4) APPROVING THE FORM AND MANNER OF
NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (5) SCHEDULING
A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE
SETTLEMENT AGREEMENT, AND (6) GRANTING RELATED RELIEF**

Upon consideration of the Joint Motion Pursuant To Section 105 Of The

Bankruptcy Code And Bankruptcy Rules 9019 And 7023 To (I) Approve A Settlement

Agreement Pursuant To Bankruptcy Rule 9019, (II) Certify A Class Consisting Of Two

Subclasses Of WARN Act Claimants For Settlement Purposes Only, Appoint Class Counsel,

---

[1] Debtor's EIN: XX-XXX7394. Debtor's Address: Middlesex Corporate Center, 213 Court Street, 11th Floor, Middletown, CT 06457

00001-001\DOCS_DE:147188.2

Class Representatives, And Preliminarily Approve The Settlement Pursuant To Bankruptcy Rule 7023, (III) Approve The Form And Manner Of Notice To Class Members Of The Class Certification And Settlement, (IV) Schedule A Fairness Hearing To Consider Final Approval Of The Settlement Agreement, (V) Finally Approve The Settlement Agreement Pursuant To Bankruptcy Rule 7023 After The Fairness Hearing, And (VI) Grant Related Relief (the "Joint Motion");[2] and the objections of Fair Liquidity Partners LLC ("FLP") and Creditor Liquidity Solutions LP ("CLP); and it appearing that this court has jurisdiction, and it appearing that good and sufficient notice of the Joint Motion having been given and no further notice of the Joint Motion need be given; and good and sufficient cause appearing therefore; and upon consideration of the pleadings and record in this case, the Court grants the Joint Motion in its entirety.

In that regard, the Court finds that the requirements of Rule 23 for certification of the Class, for settlement purposes only, have been met.

With respect to Rule 23(a)(1), the Court finds that Class Members number in excess of 1600. Class Members are former employees of the Debtor with similar WARN Act claims of modest economic value. Joinder and individual participation of this large community of claimants is impractical.

With respect to Rule 23(a)(2), the Court finds that multiple questions of law and fact are common to members of the class. Questions are common to class members; claims

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

include fundamental issues of law and fact regarding notice of termination, applicability of defenses, measure of damages, claim priority and recovery of attorney fees.

With respect to Rule 23(a)(3), the Court finds that the claims of the proposed Class Representatives, Guiseppe Caccamo and Robie-Lyn Harnois, are typical of the claims of the Class. These Class Representatives, like all other Class members, have advanced WARN Act claims arising out of alleged improper notice of employment termination by the Debtor. Class Representatives' claims and Class Members' claims arise from the same events and course of conduct and are based on the same legal theories.

With respect to Rule 23(a)(4), the Court finds that the proposed Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class. Class Counsel are highly competent and possess extensive experience in WARN Act and class action litigation. The Court further determines that there is no conflict of interest between the named plaintiffs and the remainder of the Class that would disqualify them from serving as class representatives.

Further, the Court finds that the requirements of Rule 23(b)(3) are met. Questions of law or fact common to class members predominate over any questions affecting individual members. Common core factual and legal issues present a significant aspect of any determination of the Debtor's liability to the Class. These issues include common fundamental issues of law and fact regarding notice of employment termination, applicability of common defenses, measure of damages, claim priority, and recovery of attorneys' fees.

The Court determines that the class action is a superior method for fairly and efficiently adjudicating this controversy. In this regard, the Court finds that Class Members do not have a strong interest in individually controlling prosecution of their claims. Indeed, it would be cost-prohibitive for the vast majority of Class Members to prosecute their claims in the bankruptcy court and otherwise navigate a complicated objection process. Individual adjudication of these claims would present this Court with severe management difficulties and involve unacceptable redundancies, while class treatment offers significant judicial efficiencies. Accordingly, the Court certifies the following Class pursuant to Rules 23(a) and 23(b)(3):

> Guiseppe Caccamo and Robie-Lyn Harnois on behalf of themselves and certain of the Debtors' former employees identified on Exhibits B and C to the Settlement Agreement.

Guiseppe Caccamo and Robie-Lyn Harnois are appointed as Class Representatives. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP is appointed as Class Counsel.

The Court has reviewed the proposed form of notice to Class Members. The Court approves the notice, determines that direct notice by first class mail to Class Members is the best notice practicable, and orders that such notice be sent with ten days of the date of this Order.

Finally, the Court has considered the proposed Settlement Agreement and has determined that it satisfies the standards for preliminary approval. The terms of the proposed settlement are within the range of reasonableness and contain no obvious deficiencies that would cause the Court to deny preliminary approval. The Court is convinced that the Settlement

Agreement was the product of extensive, arms-length negotiations and involved experienced and well informed constituencies.

The stage of the proceedings also favors preliminary approval of the proposed Settlement Agreement. The principal negotiating parties have been substantially engaged in matters relating to WARN claims for almost two years and have had the benefit of significant discovery. In light of the circumstances of this case, the difficulties encountered and likely to be encountered in further prosecution of the WARN Action, the legal and factual issues, and the difficulties of proof that would likely face the Parties, the Court finds that the Settlement Agreement is well within the range of possible approval and should be submitted to the Class for comment.

Therefore, it is hereby Order, Adjudged and Decreed that:

1. The objection of CLS is withdrawn.

2. The objection of FLP is overruled.

3. The Class is provisionally certified pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3);

4. Guiseppe Caccamo and Robie-Lyn Harnois are appointed as Class Representatives;

5. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP is appointed as Class Counsel

6. The Settlement Agreement is preliminarily approved;

7. The Class Notice is approved and shall be sent to all Class Members by first class mail within ten days of the entry of this order;

8. In view of the objections filed by FLP and CLS (collectively, "Objectors") to the Motion, Class Counsel is directed to send an additional notice to Class Members whose claims are alleged to be owned by the Objectors (and to any other Class Members whose distributions under the Settlement Agreement are alleged to be owned by assignees) that are discovered prior to the time the Class Notice is sent in the form attached hereto as Exhibit A. The additional notice advises the Class Member that assignees are claiming rights to the Class Member's distribution pursuant to the Settlement Agreement, provides the Class Members with an opportunity to object to the claim of assignment, and advises the Class Members that if they do not serve a timely objection, distributions under the Settlement Agreement may be made to the assignees. If a Class Member does not serve a timely objection to the additional notice, and the alleged assignees have previously filed and provided to the Debtor and Class Counsel evidence satisfactory to the Debtor and Class Counsel of the transfer of all claims of the Class Member against the Debtor to the assignee in compliance with Rule 3001 of the Rules of Bankruptcy Procedure, Class Counsel may make the distributions attributable to those Class Members under the Settlement Agreement to the respective assignees.

9. Further, if evidence of the transfers of the Class Member's claims, executed by the Class Member, is filed and served pursuant to Rule 3001 and upon the Debtor and Class Counsel, clearly stating that the Class Members' claims for damages or distributions for any alleged failure of the Debtor to provide notice pursuant to the WARN Act have been

assigned to the Objectors (or any other assignee), the transfers so evidenced shall be honored by Class Counsel, if such evidence is filed and served within thirty days before the final Fairness Hearing and no objections have been timely filed pursuant to Rule 3001.

10. In the event sufficient evidence of the transfer of the Class Members' claims for the Debtor's alleged failure to provide notice under the WARN Act, executed by the Class Member, are filed and delivered to Class Counsel prior to the mailing of the Class Notice, then such Class Notices shall be sent to the assignee(s) and not to the Class Member.

11. A hearing on final approval of the Settlement Agreement shall be held at 9:30 a.m. on August 5, 2009 at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801.

IT IS SO ORDERED, this 13 day of May, 2009.

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge