IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MORTGAGE LENDERS NETWORK USA, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 07-10146 (PJW)<br>**Related Docket Nos. 2724, 2756 & 2884** |
| GUISEPPE CACCAMO and ROBIE-LYN HARNOIS<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE LENDERS NETWORK USA, INC.,<br><br>Defendant. | Adversary Case No. 07-51415 (PJW)<br>**Related Docket Nos. 48, 49 & 71** |

## FINAL ORDER APPROVING SETTLEMENT BETWEEN THE DEBTORS, THE COMMITTEE AND THE WARN CLASS PLAINTIFFS

The Court has considered the joint motion dated April 17, 2009 of the above-captioned debtor and debtor in possession ("Debtor"), the Official Committee of Unsecured Creditors of the Debtor ("the Committee") and the WARN Class Plaintiffs for an order approving the proposed Compromise and Settlement Agreement (the "Settlement Agreement")[2] settling WARN Act class claims and certain other claims (the "Joint Motion"). The Court finds:

    A.    The Court has entered an Order on May 13, 2009 granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the

---

[1] Debtor's EIN: XX-XXX7394. Debtor's Address: Middlesex Corporate Center, 213 Court Street, 11th Floor, Middletown, CT 06457

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or Settlement Agreement, as appropriate.

58302-001\DOCS_SF:66669.2

Members;

B. Due notice has been given to the Class of the proposed Settlement Agreement, the right to opt-out of the Class, the right to object to the proposed Settlement Agreement and the right to appear in person or by counsel at the fairness hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances;

C. The Court has held a fairness hearing on August 5, 2009 to consider final approval of the Settlement Agreement;

D. All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the Settlement Agreement;

E. The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure and the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

F. The Settlement Agreement was negotiated at arms length and in good faith, is fair equitable and in the best interests of the Debtors' estates;

G. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, attached hereto as **Exhibit 1**, is APPROVED as fair and reasonable. The parties are authorized to implement its terms.

2. Effective upon the payment of the Settlement Payment to Class Counsel, any and all claims that have been scheduled on behalf of, or filed by, the Class or the Class Members, who have not opted out of the Settlement Agreement, in this chapter 11 case, for any alleged failure to provide adequate notice under the WARN Act or related to severance or benefits arising out of the termination of their employment with the Debtors, whether based on the WARN Act or any other federal, state or local law, regulation or ordinance, including, without limitation, the Individual WARN Claims, are disallowed and expunged in their entirety.

3. Upon the payment of the Settlement Payment to Class Counsel, this Order shall operate as a full and final release and discharge, by all members of the Class, that do not opt-out of the Settlement Agreement, for and on behalf of themselves, and their respective predecessors, successors assigns, (collectively, the "Releasing Parties"), of the Liquidating Trust, the Debtor, the Debtor's estates, its current and former parents, liquidating trustee, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or severance pay or benefits arising out of the termination of the employment of the Class or the Class Members by the Debtor, including, but not limited to:

*USA, Inc.*, which is presently pending in the Bankruptcy Court as Adversary Proceeding No. 07-51415 (BLS) ("WARN Action"), is deemed dismissed with prejudice.

6. Nothing in this Order, the Settlement Agreement or any of the pleadings and papers filed in support of the approval of the Settlement Agreement constitute a waiver of any right of the Debtor, its estate or its successors or assigns, to assert against the persons listed on Exhibits B and C to the Settlement Agreement any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other bankruptcy or nonbankruptcy claims.

7. This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of this Order.

Dated: August 5, 2009

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge